[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS NO. 101
On July 18, 1997, the plaintiffs, Harold Abrams (Abrams) and Carol Abrams, filed a four-count complaint against the defendants, Riding High Dude Ranch, Inc. d/b/a Ridin-Hy Ranch CT Page 11391 (Riding High), Wild West Stables Beadland Development, Inc. d/b/a Wild West Stables (Wild West), and Anthany Beadnell (Beadnell), alleging strict liability, negligence, violation of the Connecticut Unfair Trade Practices Act, and loss of consortium. The plaintiffs allege the following facts in their complaint.
In count one, Abrams alleges that he is a resident of the State of Connecticut. Riding High is a New York corporation with its principle place of business in New York. Riding High owns and operates a resort facility (the facility) which provides several recreational activities for its guests, including horseback riding. Wild West is also a New York corporation, which provides mule rides, pony rides and horseback rides to its customers for an hourly charge. Beadnell is the chairman of the board of both Riding High and Wild West. The defendants repeatedly solicited business from Abrams and other Connecticut residents by sending them advertisements for the facility. On or about July 29, 1995, Abrams began a vacation at the facility, where he was encouraged to ride a mule belonging to Wild West by the employees of Riding High. While Abrams was riding the mule, the mule began to gallop, and then stopped abruptly, causing Abrams to fall and injure himself. On August 11, 1997, the defendants filed a motion to dismiss on the ground that the court cannot acquire jurisdiction over them. On August 28, 1997, the defendants filed a supplemental motion to dismiss, which contains an affidavit from Beadnell. On October 1, 1997, the plaintiffs filed an objection to the defendants' motion to dismiss. The matter was heard by the court on October 14, 1997.
"Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Internal quotation marks omitted.) Knipple v. Viking Communications,236 Conn. 605-06, 674 A.2d 426 (1996). "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Id., 606.
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a CT Page 11392 nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607. "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). In the instant case, neither party requested an evidentiary hearing; therefore, the court may consider "the undisputed factual allegations in the complaint as well as the undisputed factual allegations in the various affidavits when adjudicating the motion . . . ." Knipplev. Vikings Communications, supra, 236 Conn. 608.
 A. Jurisdiction Over A Foreign Corporation
In their motion to dismiss, the defendants argue that Connecticut's long arm statute, General Statutes § 33-411, does not allow the plaintiffs to assert jurisdiction over Riding High and Wild West, and that general jurisdiction over the defendant corporations would violate the constitutional principles of due process. In their opposing memorandum, the plaintiffs argue that the court may exercise jurisdiction over the defendant corporations pursuant to § 33-411 because they solicit business in this state, and the cause of action is not materially different from an action that might result from such solicitation.
Under § 33-411 (c) (now § 33-929 (e)), a suit may be brought against a foreign corporation, "whether or not such foreign corporation is transacting business in this state . . . on any cause of action arising . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state." This subsection "confers jurisdiction over designated causes of action without regard to whether a foreign corporation transacts business in Connecticut and without regard to a causal connection between the plaintiff's cause of action and the defendant's presence in this state. [The language of § 33-411 (c) requires] inquiry not only into the various elements of the plaintiff's cause of action . . . but also into the totality of contacts which the defendant may have with the forum." LombardBrothers, Inc. v. General Asset Management Co., 190 Conn. 245,253-54, 460 A.2d 481 (1983). "Under [§ 33-411 (c)], CT Page 11393 consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Frazer v. McGowan, 198 Conn. 243,249, 502 A.2d 905 (1986).
In Thomason v. Chemical Bank, 234 Conn. 281, 296,661 A.2d 595 (1995), the Connecticut Supreme Court discussed the exercise of long arm jurisdiction. "The federal due process clause permits state courts to exercise in personam jurisdiction over a nonresident corporate defendant that has `certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id., 287, quoting Helicopteros Nacionales de Colombia,S. A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404
(1984). "Either `specific' jurisdiction or `general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have `specific' jurisdiction over a nonresident defendant whenever the defendant has purposefully directed [its] activities at residents of the forum . . . and the litigation [has] result[ed] from alleged injuries that `arise out of or relate to'
those activities . . . ." (Citations omitted; internal quotation marks omitted.) Id., 287-88, quoting Burger King Corp. v.Rudzewicz, 471 U.S. 462, 472-73, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985).
"In the context of `specific' jurisdiction, although the United States Supreme Court has required the plaintiff's cause of action to `arise out of or relate to' the defendant's forum-directed activities, that court has not articulated a standard for what constitutes `arising out of.'" (Internal quotation marks omitted.) Thomason v. Chemical Bank, supra,234 Conn. 288. The United States Supreme Court "has held only that the availability of specific jurisdiction depends on the relationship among the defendant, the forum, and the litigation." Id., 288-89. "The lower federal courts have held, however, that because of the requirement that the cause of action `arise out of' the defendant's contacts with the forum, specific jurisdiction may not be exercised without some causal connection between the defendant's contacts with the forum and the existence of the plaintiff's lawsuit." Id., 289.
The Connecticut Supreme Court concluded that "[f]or purposes CT Page 11394 of § 33-411 (c)(2), a plaintiff's `cause of action aris[es] . . . out of . . . business solicited in this state' if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." Id., 296. "A plaintiff need only demonstrate that the defendant could reasonably have anticipated being haled into court here by some person who had been solicited
in Connecticut and that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that solicitation." Id.
Therefore, for purposes of General Statutes § 33-411, the plaintiffs' cause of action arises out of the business solicited in this state as long as the defendant corporations reasonably could have foreseen at the time of their solicitations here that they might be sued by a solicited person on a cause of action similar to that brought by the plaintiffs. Thomason v. ChemicalBank, supra, 234 Conn. 296. The court must determine whether the undisputed facts satisfy the statutory requirement that the cause of action arises out of business solicited in this state.
Since 1970, the defendant corporations have sent out brochures advertising the facility two or three times a year to customers in Connecticut. (Supplement to Motion to Dismiss: Affidavit of Anthany Beadnell, ¶ 7.) Over the same period, the defendant corporations have advertised in the Hartford Courant and placed advertisements in newspapers published by the Garnett Newspaper Company two or three times per year. (Affidavit of Beadnell, ¶ 7.) Over the years, the defendant corporations have sent numerous direct mailings advertising their facility to Abrams. (Objection to Motion to Dismiss: Exhibit B, Affidavit of Harold Abrams, ¶ 2.) These mailings also represented that the facility provided supervision and instruction by experienced riders. (Affidavit of Abrams, ¶ 4). Based on these representations, Abrams decided to vacation at the defendant corporations' resort. While vacationing at the defendants' facility, Abrams fell while riding a mule, which allegedly resulted from the defendant corporations' negligent failure to provide proper instructions and guidance concerning how to ride a mule. (Affidavit of Abrams, ¶¶ 2-7.)
The court finds that at the time the defendant corporations placed their advertisements in the newspapers and sent brochures CT Page 11395 to potential customers from Connecticut, it was foreseeable that one or more Connecticut residents would respond to the advertisements by vacationing at the facility, (what other purpose would the advertising have?) and, thereafter, would sue in Connecticut if harmed by the negligence of the defendant corporations. See Deluca v. Holiday Inns, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393342 (December 3, 1993, Hammer, J.) (finding that the court had jurisdiction over an out-of-state resort where the alleged cause of action brought by the Connecticut resident was based on negligence). Based on these facts, the defendant corporations could have reasonably anticipated being haled into court in Connecticut by one of the persons that they solicited. Therefore the plaintiffs' cause of action arises out of business solicited in the state.
The undisputed facts establish that the defendant corporations "repeatedly so solicited business" in this state. General Statutes § 33-411 (c)(2). The defendant corporations have advertised in Connecticut newspapers two to three times a year over the last twenty-seven years. (Affidavit of Beadnell, ¶ 6.) Furthermore, the defendant corporations directly solicited the business of Abrams and other residents of Connecticut by mailing them brochures regarding the facility. (Affidavit of Beadnell, ¶ 7; Affidavit of Abrams, ¶ 2.) These facts are sufficient to show that the defendant corporations have repeatedly solicited business in Connecticut. Accordingly, the requirements of Connecticut's long arm statute have been satisfied.
Moreover, there exists a causal relationship between the defendant corporations' solicitation of Connecticut residents, including the direct solicitation of Abrams, and the plaintiffs' lawsuit. If not for the defendant corporations' direct solicitation of Abrams, he would not have vacationed at the defendant corporations' facility and would most likely not have suffered the injuries that give rise to this lawsuit. In view of the totality of the circumstances, the exercise of jurisdiction over the defendant corporations by this court would not offend traditional notions of fair play and substantial justice. Consequently, the court has "specific jurisdiction" over the defendant corporations, because they purposely solicited the business of Connecticut residents, and the present litigation has resulted from alleged injuries that arise out of or relate to their solicitation activities. See Deluca v. Holiday Inns, supra, CT Page 11396 Superior Court, Docket No. 393342 (where the out-of-state resort targeted its advertisement toward in person or through an agent: (1) Transacts any business within the state . . . ." "[T]he general rule is that there is no personal jurisdiction over nonresident officers of a corporation where their contact with the state was only in their capacity as a corporate officer."Charles Town Associates Limited Partnership v. Dolente, Superior Court, judicial district of Litchfield, Docket No. 069233 (May 1, 1996, Pickett, J.). See also Hagar v. Zaidman, 797 F. Sup. 132,137 (D.C. Conn. 1990) (where president of corporation transacted business in Connecticut only on behalf of the corporation, §52-59b(a)(1) did not confer jurisdiction over individual president of the corporation); Basta v. Today's Adoption,
Superior Court, judicial district of Waterbury, Docket No. 119321 (July 25, 1995, Sullivan, J.) (where individual defendant acted only on behalf of corporation, no jurisdiction under § 52-59 (a)(1)); Tek-Motive, Inc. v. AFB, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 349298 (November 12, 1993, Zoarski, J.) (same). In his affidavit, Beadnell has stated he is the president of both defendant corporations. The plaintiffs have offered no evidence that Beadnell conducted or transacted any business in Connecticut on his own behalf. Accordingly, the plaintiffs have failed to establish that the court may exercise a basis for the exercise of personal jurisdiction over Beadnell pursuant to § 52-59b(a)(1).
Section 52-59b(a) further provides, in pertinent part: "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: . . . (2) commits a tortious act within the state . . . ." The plaintiffs might argue that Beadnell participated in the misrepresentation that experienced riders would provide instructions to beginners and that the misrepresentation was sent to Abrams in Connecticut and therefore, the tortious act happened within the state. For the purposes of establishing jurisdiction under General Statutes § 52-59b, "[r]egardless of where the harm is suffered, the tort must be committed in Connecticut, and the defendant must bephysically present within the state at the time of commission." (Emphasis added.) N.E. Contract Packers v. Beverage Services,
Superior Court, judicial district of Waterbury, Docket No. 100039 (June 18, 1992, Gaffney, J.) (7 C.S.C.R. 828, 830). See alsoTek-Motive, Inc. v. AFB, Inc., supra, Superior Court, Docket No. 349298. The plaintiffs have offered no proof that Beadnell was physically present in Connecticut when the alleged misrepresentation was committed. Consequently, it is submitted CT Page 11397 that the court may not exercise personal jurisdiction over Beadnell pursuant to § 52-59b(a)(2).
Section 52-59b(a) also provides that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: . . . (3) commits a tortious act outside the state causing injury to person or property within thestate . . ., if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . ." (Emphasis added.)
The plaintiffs might argue that Beadnell participated in the alleged misrepresentation regarding the promised instructions to be provided to the novice riders. Because the plaintiffs have not put forth any evidence to this effect, they have not met their burden of proof. Cf. Basta v. Today's Adoption, supra, Superior Court, Docket No. 119321. Moreover, the injury suffered by Abrams as the result of the alleged misrepresentation occurred in New York, and not within the state as required by § 52-59b(a)(3).
Based upon the above the court may exercise jurisdiction over the defendant corporations, but not over Beadnell individually. Accordingly, the motion to dismiss is denied as to the defendant corporations, but granted as to defendant, Beadnell.
SKOLNICK, JUDGE